■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE MILTON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered March 8, 1984, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of that branch of defendant's omnibus motion which was to suppress physical evidence.

Judgment affirmed.

Prior to pleading guilty to criminal possession of a weapon in the third degree, defendant moved to suppress the gun in question as the product of an illegal search and seizure. At the Mapp hearing Police Officer Michael Fella testified that on November 23, 1983, at approximately five o'clock in the morning, he received a radio call that a black male, approximately five-feet, nine-inches to six-feet tall, wearing a black leather jacket, standing opposite 159-04 Hillside Avenue in Jamaica, Queens, was carrying a gun and had earlier committed a

robbery. In a matter of seconds Officer Fella arrived at 159-04 Hillside Avenue and observed defendant, who matched the description, standing with three other people in front of 159-03, directly across from 159-04. He and his partner exited their patrol car with guns drawn and approached the group. Officer Fella directed defendant to place his hands against the wall; after he turned, Officer Fella observed a bulge in defendant's waistband. He then conducted a pat-down search, felt what he thought to be a gun, and reached under defendant's jacket to retrieve the revolver.

It is well established that an anonymous tip of "men with guns" is an insufficient predicate to justify intrusive police action, and that reasonable suspicion that a suspect is armed must precede a frisk *(People v Benjamin,* 51 NY2d 267, 270). "However—and this bears emphasis—nothing said thus far should be taken to indicate that a police officer is prevented from observing circumstances at the scene and, if necessary, taking due precaution for his own safety" *(People v Benjamin, supra,* at p 270). Under the totality of the circumstances here, we find that there was little chance that more than one person matching the suspect's description would be found at an exact address at 5:00 A.M. on an otherwise deserted street, thereby eliminating any possibility that defendant was not the person to whom the informer referred *(cf. People v La Pene,* 40 NY2d 210, 224). Furthermore, under the circumstances, it was reasonable for the officers to believe that defendant was armed and take appropriate self-protective measures by drawing their guns prior to any encounter *(see, People v Finlayson,* 76 AD2d 670, 678, *lv denied* 51 NY2d 1011, *cert denied* 450 US 931). Officer Fella's subsequent observation of a bulge in the rear of defendant's waistband, the "telltale of a weapon", provided the necessary predicate for a pat-down search *(see, People v De Bour,* 40 NY2d 210, 221; *cf. People v Stewart,* 41 NY2d 65, 67, 69). Accordingly, we find that the limited intrusion upon defendant's person was supported by reasonable suspicion, and that suppression of the weapon was properly denied. Gibbons, J. P., Brown, Weinstein and Lawrence, JJ., concur.