■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL MIDDLETON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered September 11, 1984, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The

appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was for the suppression of identification testimony and property.

Judgment affirmed.

Among the issues raised by the defendant for our review on this appeal is the reasonableness of a stop and frisk by the arresting officer. The officer and his partner received a radio communication that a black male prowler was in the backyard at a specified location. One minute later, he received a second radio communication that a female had been robbed with a knife at the same location. Upon arriving at the location about one minute later, the officer observed the defendant, a black male, walking towards the radio car and away from the alleged crime scene. The defendant was the only individual in the area. The officer requested that the defendant approach the patrol car. When the defendant complied, the officer patted him down, felt something hard in his right pants pocket, reached in and removed a steak knife with a brown handle.

At that point, a second patrol car arrived. The newly arrived officers detained the defendant at that location, while the original officer went a short distance to interview the complainant. The officer was told by the complainant that she had just been robbed at knifepoint by a dark-skinned male in dark clothing. The defendant was wearing dark clothing when stopped by the officer. The complainant was shown the knife recovered from the defendant, which she immediately identified as the knife used by her assailant. The officer then asked the complainant to step outside to see someone. At this point, one of the other officers moved the defendant under a street lamp about 10 feet away from the entrance to the complainant's building. The defendant was neither handcuffed nor held. The complainant immediately identified the defendant as her attacker. This showup occurred within 10 minutes of when the officer first left the defendant to speak with the complainant. The defendant was subsequently arrested and transported to the precinct house where he was searched and a $5 bill was recovered from his pocket. The complainant testified that the defendant took a $5 bill from her.

The defendant moved, *inter alia,* to suppress the knife and $5 bill on the ground that they were the fruits of an unlawful stop and frisk. Criminal Term denied suppression and following his trial, the defendant was convicted of robbery in the first degree. We now affirm the judgment.

An officer may stop a person in a public place when he reasonably suspects that the person is committing, has committed, or is about to commit a crime (CPL 140.50 [1]). Upon stopping such a person, an officer who reasonably suspects that he is in danger of physical injury may search the person for a deadly weapon or instrument (CPL 140.50 [3]). The officer must have articulable facts which, together with any logical deductions therefrom, would justify the reasonable suspicion *(People v Cantor,* 36 NY2d 106).

In this case the arresting officer received two radio communications which concerned occurrences at the same approximate location at the same approximate time. We find that under these circumstances it was reasonable for the officer to conclude that the subject of each communication was indeed the same individual. Having arrived at the scene almost immediately and having spotted the defendant, who fit the general description of the broadcast and was also the only individual in the area, the officer had a reasonable basis to suspect that the defendant might be the perpetrator of the crime *(see, People v Springer,* 92 AD2d 209; *People v Finlayson,* 76 AD2d 670, *lv denied* 51 NY2d 1011, *cert denied* 450 US 931). Accordingly, the officer properly stopped the defendant for the purpose of further inquiry.

Having decided that the stop was justified, it is readily apparent that it was reasonable for the officer to perform a protective frisk. The right to frisk is based upon a reasonable belief that the suspect is armed and dangerous. In this case, the radio communication that a woman was robbed at knifepoint provided a reasonable basis for the officer to conclude that the defendant could be concealing a dangerous weapon *(see, People v Mack,* 26 NY2d 311, *cert denied* 400 US 960; *People v Finlayson, supra,* at pp 678-679). Accordingly, that branch of the defendant's omnibus motion which was for suppression was properly denied, and the recovered property was properly admitted into evidence.

The other contentions raised by the defendant have been examined and found to be meritless. Mollen, P. J., Rubin, Eiber and Kooper, JJ., concur.