■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN SILVESTRE, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Zelman, J.), dated June 25, 1984, which, after a hearing, granted the defendant's motion to suppress a gun and a plastic bag of cocaine found on his person.

Order affirmed.

While three plain-clothes officers were on routine patrol in an unmarked car, both Sergeant Sobocienski and Officer Robinson observed the defendant place his right hand inside his open winter coat and make a "pulling" movement in the area of his left shoulder and armpit while walking alone on 35th Avenue in Queens at about 11:00 P.M. on January 24, 1984. Construing this gesture to be adjustments to a shoulder holster, the three undercover officers exited their vehicle and followed the defendant into an alleyway, which served as the entrance to an apartment building. When the defendant reached the door to the apartment building, Sergeant Sobocienski displayed his shield and called out, "Police, don't move". The defendant slowly turned around and started to place his right hand inside his coat by his left shoulder. Officer Robinson commanded the defendant to "freeze" as Sergeant Sobocienski simultaneously rushed forward, grabbed the defendant's hands and pushed him into a hallway. Upon grabbing the defendant's hands, the sergeant felt a hard object and told his partner that the defendant had a gun.

Officer Robinson reached inside the defendant's coat and pulled out a .25 caliber automatic weapon from a shoulder holster worn on the defendant's left side. A subsequent search of the defendant uncovered a plastic bag purportedly containing cocaine.

Sergeant Sobocienski and Officer Robinson testified that they merely intended to stop the defendant to ask him some questions. Notwithstanding their intent, their actions from the inception of this street encounter exceeded the scope of restraint permissible pursuant to the common-law right to inquire (cf. People v De Bour, 40 NY2d 210) and constituted a forcible stop that initially consisted of constructive restraint (see, People v Cantor, 36 NY2d 106) and rapidly escalated into physical restraint (see, People v Allen, 109 AD2d 24). Here, the predicate for police action did not justify the extent of the official intrusion on the defendant. Both Sergeant Sobocienski and Officer Robinson acknowledged that the tugging gesture which they surmised was an adjustment to a shoulder holster was also consistent with the inference that the defendant was massaging a pain in his shoulder or adjusting an undergarment. Neither officer testified to observing any visible evidence of a gun, such as a bulge, in the area of the defendant's left shoulder. The defendant's innocuous gesture of reaching his right hand inside his open overcoat and making a "pulling" movement in the area of his left shoulder and armpit while walking on a public street was insufficient to create a reasonable suspicion that the defendant possessed a concealed weapon (see, People v Allen, supra; People v Roberts, 94 AD2d 237; People v Farrell, 90 AD2d 396, affd 59 NY2d 686; People v Bernard, 41 NY2d 759, 762-763; cf. People v Benjamin, 51 NY2d 267). In the absence of a reasonable suspicion that a crime was at hand, a stop involving constructive or actual restraint, as in this case, was not justified (see, People v De Bour, supra, at p 216).

Accordingly, Criminal Term properly granted the defendant's motion to suppress the weapon and plastic bag of cocaine as the products of an unlawful seizure. Lazer, J. P., Thompson, Bracken and Rubin, JJ., concur.