■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ALEXANDER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunkin, J.), rendered January 3, 1985, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Judgment affirmed.

At approximately 3:55 P.M. on May 30, 1984, the arresting officers received a radio call, relaying information from an anonymous source to the effect that there were males with guns at the Motor Vehicle Bureau at Merrick Boulevard and Archer Avenue. The radio call contained a description of only one person: a male black wearing a red-hooded sweatshirt. The officers arrived at the designated location within one or two minutes after receiving the radio call. Officer Carbone observed the defendant, a black male wearing a red-hooded sweatshirt, standing alone, approximately 20 feet north of the entrance to the Motor Vehicle Bureau. The defendant was reading a newspaper, which he held in both hands. The officer observed no other person in this business district who matched the radioed description. Immediately after the defendant observed the uniformed officers pull up in the patrol car, he placed his right hand into the central pocket of his sweatshirt. The officers exited the vehicle and went in opposite directions in order to approach the defendant at different angles. They then drew their weapons, instructing the defendant to remove his hand from his pocket, to turn around, and to place both hands up against the wall. A pat down search disclosed a loaded gun in the right side of the central pocket of the defendant's sweatshirt and six bullets in the defendant's right pants pocket.

Confirmation of the description furnished in an anonymous radio tip of a black male with a gun wearing a red-hooded sweatshirt at the designated location, when considered in conjunction with the defendant's act of placing his right hand inside the central pocket of his sweatshirt in reaction to observing the uniformed officers pulling up in their patrol car, sufficed to furnish the officers with reasonable suspicion justifying a forcible stop of the defendant to conduct a protective pat down search *(see, People v Benjamin,* 51 NY2d 267; *People v Bruce,* 78 AD2d 169; *cf. People v Bernard,* 41 NY2d 759, 762-763; *People v Roberts,* 94 AD2d 237; *People v Farrell,* 90 AD2d

396, *affd* 59 NY2d 686; *People v Allen,* 109 AD2d 24; *People v Silvestre,* 119 AD2d 601). Gibbons, J. P., Thompson, Niehoff and Rubin, JJ., concur.