■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN L. McCUTCHEON, Respondent.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Ingraham, J.), rendered November 12, 1982, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, following a hearing, of that branch of the defandant's omnibus motion which was to suppress evidence.

Ordered that the judgment is affirmed.

That branch of the defendant's omnibus motion which was to suppress a gun allegedly found on his person by the police was properly denied. The actions of the police were at all times reasonably related in scope and intensity to the information available to them as their encounter with the defendant unfolded (see, People v De Bour, 40 NY2d 210; People v Finlayson, 76 AD2d 670, lv denied 51 NY2d 1011, cert denied 450 US 931). Although an anonymous tip of a "man with gun" does not, without more, rise to the level of reasonable suspicion so as to justify the stop and frisk of a suspect (People v Benjamin, 51 NY2d 267, 270; People v Milton, 115 AD2d 666, 667), the informant in this case presented himself in person to

the police and told them that two men were walking nearby and that one of them, whom he described, possessed a gun. Moreover, as the two men came into the officers' view, the informant specifically pointed out and identified the defendant as the person whom he claimed was carrying a gun. Thus, although the informant left the scene before the police could ascertain his identity or the basis of his tip, there was no reasonable possibility that the defendant was not the person to whom the informant had referred *(see, People v Milton, supra,* at p 667), and the information imparted by the informant prior to his departure provided justification for the police to stop the defendant for the purpose of further inquiry *(see, People v Middleton,* 119 AD2d 593, 595). Thereafter, when a police officer stopped the defendant to make such inquiry, the defendant held his left arm out to keep the officer at a distance, and he thrust his right hand into his coat pocket and turned that side of his body away from the officer so as to conceal it. Under these circumstances, the officer had a reasonable suspicion that the defendant was armed, thereby justifying the protective pat-down search which revealed the presence of the gun *(see, People v Alexander,* 120 AD2d 537; *People v Middleton, supra,* at p 595). Mangano, J. P., Bracken, Niehoff and Spatt, JJ., concur.