■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered September 4, 1985, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress the weapon from evidence.

Ordered that the judgment is affirmed.

On September 1, 1984, at about 2:00 P.M., three plainclothes police officers received a radio call of a male black with a gun, wearing blue jeans, a blue and white shirt and a "kufay hat" at East 18th Street and Dorchester Road in Brooklyn. The officers went to that location and saw the defendant, who matched that description, standing approximately 20 feet north of Dorchester Road on East 18th Street. There was no one else on the street.

As the police drove past the defendant, they saw a bulge in his waistband and saw his hand move toward his waistband area. The police exited their car, drew their guns, identified themselves as police officers and told the defendant to put his hands up. The defendant was told to put his hands up twice more before he complied. Police Officer Haas then approached

the man from the rear, with the other officers covering him, and put his hand around the front of the defendant where the bulge was and removed a gun from the defendant's waistband. The gun was in a holster inside the defendant's pants, and the butt of the gun was above the belt. The gun recovered was a fully loaded 9-millimeter automatic. A further search of the defendant revealed two additional clips with eight rounds in each clip. The defendant was taken to the police station six minutes after the receipt of the initial report.

Accepting the version of the facts contained in the record and found to be credible by the hearing court, that branch of the defendant's omnibus motion which was to suppress physical evidence was properly denied. The original information the police had in this case was sufficient to establish the fact that criminal activity was afoot (see, People v Stewart, 41 NY2d 65, 69). The later forcible stop of the defendant and seizure of the gun were proper, based on the additional articulated facts that the defendant fit the description, he was the only one on the street, the police observed a bulge in his waistband, he moved his hand to that area, and he was recalcitrant in raising his hands, all of which formed the basis for a reasonable suspicion that the defendant possessed a concealed weapon. The gun was thus properly seized (see, People v Benjamin, 51 NY2d 267; People v Alexander, 120 AD2d 537). Thompson, J. P., Niehoff, Kunzeman and Sullivan, JJ., concur.