■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANIBAL FLORES, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Santagata, J.), rendered January 6, 1984, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Some 3 to 4 minutes after receiving a radio message advising that two men were scaling an apartment building fire escape in Long Beach, Police Officers Resnick and Calabrese arrived at the scene and, through the glass front of the building, observed two men running down the building stairwell from the second floor. As they exited their vehicle and approached the building, the officers received a walkie-talkie transmission from a third officer stationed nearby who reported that she had "an open [apartment] door on the second floor". The officers then ran to the front door of the building and there intercepted the two men, who attempted to push aside the officers and exit through the doorway. The officers briefly detained the men and patted them down, recovering a blackjack and a lighter. Subsequently, a small screwdriver was discovered near the defendant's right foot after one of the officers observed the defendant bending over and heard the sound of something hitting the floor. After another officer confirmed that an apartment on the second floor had, in fact, been burglarized, the men were handcuffed and transported to police headquarters.

The hearing court denied the defendant's motion to suppress, concluding that since the police officers reasonably suspected that a crime was being committed, their detention

and frisk of the defendant and his accomplice were lawful. We agree.

Considering the rapidly developing circumstances with which the officers were confronted—including the radio transmission that a door was open on the second floor from where the defendant was running—it was reasonable for the officers to suspect that a crime was being committed in the apartment building and that the defendant and his accomplice may have been its perpetrators (see, CPL 140.50 [1]; *People v De Bour,* 40 NY2d 210; *People v Cantor,* 36 NY2d 106). Moreover, the information possessed by the police officers—suggesting that a burglary had been committed—when considered in conjunction with the conduct of the men in attempting to push the officers aside as they ran, gave rise to a reasonable belief that the officers' safety was threatened, justifying their subsequent frisking of the defendant and his accomplice (see, CPL 140.50 [3]; *see also, People v Mack,* 26 NY2d 311, 317, *cert denied* 400 US 960; *People v Middleton,* 119 AD2d 593, 595, *lv dismissed* 68 NY2d 915).

We have reviewed the defendant's remaining contention and find it to be without merit (see, *People v Bertolo,* 65 NY2d 111; *People v Fuschino,* 59 NY2d 91; *People v Woolard,* 124 AD2d 763, 764, *lv denied* 69 NY2d 751). Thompson, J. P., Lawrence, Rubin and Eiber, JJ., concur.