■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES CLINK, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.),

rendered May 6, 1986, convicting him of murder in the second degree and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his confession.

Ordered that the judgment is affirmed.

By failing to specifically present to the hearing court the issue of whether the confession should be suppressed on the ground that it was coerced from him after he had invoked his right to remain silent, the defendant has failed to preserve the issue for appellate review *(see, People v Smith,* 55 NY2d 888; *People v Tutt,* 38 NY2d 1011; *People v Williams,* 118 AD2d 610, *lv denied* 67 NY2d 1058). In any event, the record supports the hearing court's conclusion that the defendant effectively waived his *Miranda* rights and voluntarily confessed to the crime *(see, Michigan v Mosly,* 423 US 96; *People v Grant,* 45 NY2d 366).

We also disagree with the defendant's contention that he was denied a fair trial because of alleged improper and prejudicial comments made by the prosecutor during summation. To the extent they were preserved for appellate review, the challenged remarks constituted permissible responses to defense counsel's summation, in which he repeatedly attacked the credibility of the People's witnesses *(see, People v Arce,* 42 NY2d 179; *People v Morgan,* 136 AD2d 749), and, in view of the overwhelming evidence of defendant's guilt, to the extent that any of the comments were inappropriate, they do not warrant reversal of his conviction *(see, People v Hopkins,* 58 NY2d 1079; *People v Galloway,* 54 NY2d 396).

We have examined the remaining contentions advanced by the defendant and have found them to be lacking in merit. Mangano, J. P., Weinstein, Kooper and Balletta, JJ., concur.