■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JIMMY SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered April 22, 1987, convicting him of murder in the second degree, assault in the first degree, robbery in the first degree, burglary in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant argues that the court should have suppressed a portion of his statement that followed his invocation of the right to remain silent. We disagree. During the hearing, the defendant never claimed that the police failed to honor his right to remain silent and, therefore, that issue is not preserved for appellate review as a matter of law *(see, People v Mandrachio,* 55 NY2d 906, *cert denied* 457 US 1122; *People v Clink,* 143 AD2d 838). In any event, there is no indication that the defendant ever invoked his right to remain silent *(see, People v Padilla,* 133 AD2d 353).

We also agree with the hearing court that the defendant's arrest did not violate *Payton v New York* (445 US 573), as the police clearly obtained consent from his mother-in-law to enter her house, where the arrest occurred *(see, People v Hixon,* 130 AD2d 508; *People v Richards,* 119 AD2d 597).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Lewis,* 64 NY2d 1111).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Mangano, P. J., Kooper, Harwood and Balletta, JJ., concur.