■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOBAL CASTRO, Also Known as CHRISTOPHER CASTRO, Appellant. [606 NYS2d 180] —Judgment, Supreme Court, New York County (Charles J. Tejada, J.) rendered January 6, 1992 convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentencing him as a predicate felon to a term of 4½ to 9 years, unanimously affirmed.

Defendant was observed by a plainclothes detective passing two glassines to a female on the street in exchange for money. The officer, certain of his observation, together with a fellow officer arrested both the defendant and the purchaser.

We reject defendant's claim that the trial court erred in refusing to give a missing witness charge with respect to a female officer who searched the female purchaser later at the precinct since it was not demonstrated that this officer could provide material evidence (see, People v Gonzalez, 68 NY2d 424, 427-428). Defendant's speculative claim at trial that it was actually the female who was the seller and therefore the subsequent search at the precinct may have been helpful does not constitute materiality and thus defense counsel was properly precluded from commenting about the officer's absence during summation (see, People v Zillinger, 179 AD2d 382, lv denied 79 NY2d 955).

Additionally, the trial court made a sufficient inquiry of the sick juror prior to concluding that she would not be able to

return for some time and therefore properly replaced her with an alternate *(see, People v Page,* 72 NY2d 69). Finally, we reject defendant's contention that the record demonstrates a pattern of peremptory challenges on racial grounds or that the prosecutor failed to give racially neutral explanations for the challenges when requested to do so by the defendant. In this regard we note that great deference is given to the trial court in determining whether the explanations are pretextual *(People v Hernandez,* 75 NY2d 350, 356, *affd* 500 US 352). Concur—Carro, J. P., Wallach, Asch and Nardelli, JJ.