■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHABORN ESQUILIN, Appellant. [616 NYS2d 364] —Judgments, Supreme Court, New York County (Alvin Schlesinger, J.), rendered October 16, 1991, convicting defendant, after a jury trial, of murder in the second degree, manslaughter in the first degree and attempted robbery in the third degree, and, upon his plea of guilty, of robbery in the second degree, and sentencing him to concurrent terms of 22 years to life, 8⅓ to 25 years, 1⅓ to 4 years, and 3⅓ to 10 years, respectively, unanimously affirmed.

The record supports the trial court's determination that the prosecutor offered race-neutral reasons for excluding a black female juror *(People v Hernandez,* 75 NY2d 350, *affd* 500 US 352; *People v Castro,* 200 AD2d 359, *lv denied* 82 NY2d 923).

Defendant's inculpatory written statement to a detective and his exculpatory videotape statement to a prosecutor five hours later were not part of a single custodial interrogation *(People v Vientos,* 164 AD2d 122, 127, *affd* 79 NY2d 771), and the videotape statement, offered to impeach the officer who took defendant's original statement, was properly excluded as inadmissible hearsay *(People v Reynoso,* 73 NY2d 816, 818-819).

Defendant's attempt to hide the gun immediately after the shooting demonstrated that his remark was "made under the impetus of studied reflection" while fleeing from the scene *(People v Edwards,* 47 NY2d 493, 497).

Given the variations in the conditions of a courtroom and a moving train, it was not an abuse of discretion for the court to prevent defendant and his attorney from demonstrating defendant's struggle with the decedent *(see, People v Scarola,* 71 NY2d 769, 777).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Carro, Ellerin and Asch, JJ.