(December 19, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY ALSTON, Appellant. [636 NYS2d 270] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered January 2, 1992, convicting defendant, after a jury trial, of robbery in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 15 years to life, unanimously affirmed.

The court did not err in permitting a peremptory challenge to stand when the prosecutor explained that she struck the venireperson in question based on his past unemployment (see, Purkett v Elem, 514 US —, —, 131 L Ed 2d 834, 839 [unkempt hair of juror constitutes neutral reason]; People v Batson, 219

AD2d 538 [challenge based on unemployment upheld]). As the prosecutor articulated a facially neutral reason for her challenge, the defendant bore the ultimate burden of persuasion to establish that the reason proffered was a pretext for impermissible discrimination (*People v Allen*, 86 NY2d 101, 109-110). Whether a party has carried this burden is a question of fact (*People v Allen, supra*, at 110), the resolution of which is "rightly reposed in fact-finding courts" whose determinations are entitled to " 'great deference' " (*People v Hernandez*, 75 NY2d 350, 356, *affd* 500 US 352; *People v Castro*, 200 AD2d 359, 360, *lv denied* 82 NY2d 923). We find no basis in the record to disturb the Trial Justice's decision.

Nor do we find reversible error in the trial court's *sua sponte* discharge of a venireperson who, at a sidebar, stated that the prison system "just doesn't work" and that "emotionally she would feel badly if she found the defendants guilty because they would just be going to that system". Notwithstanding defense counsel's eventual success in partially rehabilitating this prospective juror, the determination of whether her responses constituted a hollowly uttered assurance of impartiality or a sincere reevaluation by the prospective juror of her ability to fairly judge the case based solely on the evidence adduced, is best left to the Trial Justice who had an opportunity to observe this individual's demeanor. Although the actual questioning of the prospective juror was not stenographically transcribed, the court's denial of defense counsel's application to recall this venireperson does not require reversal as this is not a matter where the court's recitation of the sidebar conference conflicted with counsel's characterization of what was said, but rather a difference of opinion as to what inferences should be drawn therefrom (*cf., People v Whitmore*, 177 AD2d 525, *lv denied* 79 NY2d 866). Finally, *People v Harrison* (85 NY2d 794) does not mandate a contrary result, as the defendant's claim does not concern any unrecorded comments by the court and we are able to meaningfully evaluate the trial court's reasoning based on counsel's objections and the court's rulings set forth in the extant record. Concur—Murphy, P. J., Ellerin, Kupferman, Asch and Mazzarelli, JJ.