■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STRAFORD BROWN, Appellant. [647 NYS2d 749] —Judgment, Supreme Court, New York County (Clifford Scott, J., at pretrial hearings; Mary McGowan Davis, J., at jury trial and sentence), rendered April 14, 1994, convicting defendant of seven counts of robbery in the first degree and seven counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 15 years to life on the robbery in the first degree convictions and to 12 years to life on the robbery in the second degree convictions, unanimously affirmed.

Although defendant concedes that the police had reason to believe that a crime had occurred, and that a witness told them defendant was one of the perpetrators, he maintains that since the police failed to ascertain the basis of the witness's knowledge, they lacked probable cause to arrest him. However, since he failed to raise this specific contention before the hearing court, the issue has not been preserved for appellate review (CPL 470.05 [2]), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the information received from the citizen informant who witnessed the crime, whom the police met in a face-to-face encounter, was sufficient to permit the police to reasonably conclude that the citizen had not simply passed along a rumor and was not involved in an effort to frame defendant (see, *People v Elwell*, 50 NY2d 231, 234-235; *People v Hicks*, 38 NY2d 90). Therefore, defendant's arrest was supported by probable cause.

The trial court's determination that the prosecutor's stated reasons for challenging particular jurors were not pretextual is to be accorded deference on appeal (*People v Pagano*, 207 AD2d 685). The record supports the determination since the failure to pay attention, to concentrate and to understand the questions being asked, being fearful and timid, familiarity with the crime scene, a demonstrated indifference to the seriousness of the crimes for which defendant is standing trial and employment status are all facially valid and plausible reasons for challenges, bearing no indicia of discriminatory

intent (*see, People v Everette*, 226 AD2d 235; *People v Alston*, 222 AD2d 294, *affd* 88 NY2d 519).

Defendant's contention that the *Sandoval* ruling was erroneous has not been preserved for appellate review (CPL 470.05 [2]) since he failed to raise the present arguments before the trial court and since his attorney requested the precise ruling that the court ultimately made. In any event, the ruling was a proper exercise of discretion.

Viewing the evidence in a light most favorable to the People (*People v Contes*, 60 NY2d 620), it was legally sufficient to establish defendant's guilt of the crimes charged. Moreover, the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We perceive no abuse of discretion in sentencing. Concur—Sullivan, J. P., Ellerin, Ross, Nardelli and Andrias, JJ.