■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN BOYD, Appellant. [664 NYS2d 335] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered July 2, 1990, convicting him of attempted murder in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that his arrest was not based upon probable cause because the reliability of the confidential informant was not proven at the suppression hearing (*see,* CPL 470.05 [2]; *People v Volpe,* 60 NY2d 803, 804-805; *People v Jones,* 81 AD2d 22, 29; *see also, People v Brown,* 232 AD2d 168; *People v Howard,* 162 AD2d 408, 409). In any event, the defendant's contention is without merit. Probable cause for the defendant's arrest was established by the photographic identification of him by the complainant as well as the statements of the informant (*see, People v Nixon,* 240 AD2d 794; *People v Hayes,* 191 AD2d 644, 644-645; *People v Mitchell,* 170 AD2d 542; *People v Green,* 157 AD2d 745, 746).

The defendant's claim of ineffective assistance of counsel, to the extent that it is premised on his attorney's alleged failure to investigate and call potential alibi witnesses, involves matters which are dehors the record and are not properly presented on direct appeal (*see, e.g., People v LeBrun,* 234 AD2d

392; *People v Simon,* 196 AD2d 851, 852; *People v Bagarozy,* 182 AD2d 565, 566; *People v Clark,* 175 AD2d 212; *People v Williams,* 145 AD2d 672, 673). The record otherwise fails to support the defendant's claim inasmuch as it demonstrates that trial counsel rendered meaningful representation to the defendant at all stages of the proceedings (*see, People v Ellis,* 81 NY2d 854, 856; *People v Baldi,* 54 NY2d 137, 147).

The trial court properly denied the defendant's motion to set aside the verdict pursuant to CPL 330.30. To the extent that the defendant's motion sought reversal on "a ground appearing in the record" (CPL 330.30 [1]), the court properly denied the motion on the ground that the moving papers were legally insufficient (*see,* CPL 330.40 [2] [e] [i]). To the extent that the motion referred to matters outside the record, it is not cognizable on direct appeal.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Copertino, Goldstein and Luciano, JJ., concur.