◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ROGERS, Appellant. [666 NYS2d 440] —Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered January 16, 1996, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly determined that there was probable cause for his arrest. " 'It is well settled that information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest' " (*People v Martin,* 221 AD2d 568, quoting *People v Burton,* 194 AD2d 683). The complainant provided the police with a description of the individual who had robbed her, and was on her way to the police station when she spotted the defendant and a companion on the street, pointed in their direction, and began shouting, "[t]hat's the guy". Under these circumstances, the hearing court's conclusion that the officers possessed probable cause to arrest the defendant, who matched the complainant's description of the perpetrator, is amply supported by the record (*see, People v Pagan,* 184 AD2d 738; *People v McCain,* 134 AD2d 623; *People v Covert,* 134 AD2d 444).

The defendant's further contention that his statements to the police should have been suppressed because he asserted his right to remain silent during questioning is raised for the first time on appeal, and is thus unpreserved for appellate review (*see, People v Dunn,* 85 NY2d 956, 957; *People v Smith,* 174 AD2d 701; *People v Clink,* 143 AD2d 838). In any event, there is no merit to the defendant's claim that he invoked his right to remain silent by agreeing to speak to the officers, but advising them that he did not wish to give a written statement (*see, People v Hendricks,* 222 AD2d 74, 80, *affd* 90 NY2d 956).

Furthermore, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Mangano, P. J., Copertino, Krausman and McGinity, JJ., concur.