■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BLANCO, Appellant. [678 NYS2d 514] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered September 4, 1996, convicting him of murder in the second degree, robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that his written, videotaped, and audiotaped statements to the police and to the District Attorney's office should have been suppressed. He argues his arrest was not based on probable cause because the People failed to demonstrate that the male witness who provided information to the police was reliable and that this witness had some basis for the knowledge he transmitted. This contention is unpreserved for appellate review since it is raised for the first time on appeal (see, CPL 470.05 [2]; People v Boyd, 244 AD2d 497; People v Jones, 81 AD2d 22, 29-45; People v Brown, 232 AD2d 168). In any event, the evidence adduced at the suppression hearing established that the witness was reliable and had a basis for the knowledge he transmitted (see, People v Parris, 83 NY2d 342, 346; People v Bigelow, 66 NY2d 417, 423; see also, Aguilar v Texas, 378 US 108; Spinelli v United States, 393 US 410).

The defendant failed to preserve for appellate review his contention that his videotaped and audiotaped statements should have been suppressed because he asserted his right to remain silent during questioning (see, CPL 470.05 [2]; People v Mandrachio, 55 NY2d 906, cert denied 457 US 1122; People v Rogers, 245 AD2d 395; People v Smith, 174 AD2d 701). In any event, there was no unequivocal assertion of his right to remain silent (see, People v Aguirre, 248 AD2d 717; People v Goss, 162 AD2d 466, revd on other grounds 78 NY2d 996; People v Morton, 231 AD2d 927).

The defendant's sentence was not excessive (see, People v Suitte, 90 AD2d 80). Copertino, J. P., Santucci, Goldstein and Luciano, JJ., concur.