THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST PETTIGREW, JR., Appellant. [681 NYS2d 712] —Judgment

unanimously affirmed. Memorandum: Defendant contends that County Court erred in denying his motion to suppress evidence seized from his residence pursuant to a search warrant. We disagree. Probable cause to issue a search warrant "does not require proof sufficient to warrant a conviction beyond a reasonable doubt but merely [requires] information sufficient to support a reasonable belief that an offense has been or is being committed or that evidence of a crime may be found in a certain place" (*People v Bigelow*, 66 NY2d 417, 423). In the warrant application, the investigator stated that the 76-year-old victim was found raped and murdered in her apartment and that approximately $10,000 in large bills and a small gold pin constantly worn by the victim were stolen. The investigator also stated that defendant had a history of raping elderly women and removing small items of jewelry from his victims and that, shortly after the crime, defendant purchased two cars with large bills. He further stated that sunglasses of a distinctive style were found in the victim's home, and a confidential informant testified before the Magistrate that he observed defendant wearing that same type of sunglasses on many occasions. Additionally, the Magistrate was advised that type "B" blood was found at the scene and that defendant's blood type was "B", while the victim's was "O". Viewing the application in the light of everyday experience (*see, People v Hanlon*, 36 NY2d 549, 559) and giving great deference to the findings of the issuing Magistrate (*see, People v Griminger*, 71 NY2d 635, 640), we conclude that the Magistrate properly determined that the application provided probable cause for the search warrant (*see generally, People v Tambe*, 71 NY2d 492, 501-502; *People v Bachiller*, 159 AD2d 955, *lv denied* 76 NY2d 784).

Defendant further contends that items seized pursuant to the search warrant should be suppressed because the investigator provided the Magistrate with false information. That contention is raised for the first time on appeal and is therefore unpreserved for our review (*see*, CPL 470.05 [2]). In any event, defendant's submissions fail to establish by a preponderance of the evidence that the statements of the investigator were made falsely or with disregard for the truth (*see, People v Ferron*, 248 AD2d 962; *People v Christian*, 248 AD2d 960).

Defendant contends that the court erred in admitting the People's DNA evidence. Defendant does not challenge the general acceptance of the polymerase chain reaction method of DNA profiling (*cf., People v Morales*, 227 AD2d 648, 649, *lv denied* 89 NY2d 926), nor does he contend that the People's

experts employed scientifically unacceptable procedures in performing their analysis. Rather, he challenges the People's evidence because inconsistent results were obtained from one of the samples and extra bands were present on the non-sperm samples. Because defendant does not challenge the scientific reliability of the test or the foundation for its admission into evidence, defendant's challenge relates to the weight that the evidence should be afforded by the jury rather than its admissibility (*see, People v Wesley*, 83 NY2d 417, 422-429).

We likewise reject the contention of defendant that the court erred in admitting into evidence cash recovered from his premises and biological evidence from the victim's vaginal swabs. The People provided reasonable assurances that the evidence submitted at trial was identical to that involved in the crimes, that the evidence was in an unchanged condition and that no tampering had occurred (*see, People v Julian*, 41 NY2d 340, 342-344). The court properly determined that any deficiencies in the chain of custody relate to the weight rather than the admissibility of that evidence (*see, People v Waite*, 243 AD2d 820, *lv denied* 91 NY2d 882, 931).

Defendant's conviction of arson in the first degree is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The People established that the fire was neither accidental nor the result of natural causes. They further established that the fire originated in the southeast corner of the dining room and that the victim was discovered in an adjoining bedroom. Medical evidence established that the victim had been rendered unconscious by strangulation and subsequently died of the strangulation and smoke inhalation. The People further established beyond a reasonable doubt that defendant raped and murdered the victim and stole property from her premises and that defendant had a motive to set the fire, i.e., to hide his other criminal acts. Based upon that evidence, we conclude that the jury did not "fail[] to give the evidence the weight it should be accorded" (*People v Bleakley, supra*, at 495). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Murder, 2nd Degree.) Present—Denman, P. J., Hayes, Pigott, Jr., and Fallon, JJ.