■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL HINDS, Appellant. [705 NYS2d 463] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and unauthorized use of a vehicle in the first degree (Penal Law § 165.08). The prosecutor's peremptory challenge to a black prospective juror did not violate defendant's constitutional right to equal protection under *Batson v Kentucky* (476 US 79). The prosecutor explained that he challenged the juror because he was an unemployed student with no significant employment history.

The prosecutor stated that he looked for jurors with decision-making responsibilities and that this prospective juror had none. The record reflects that the prosecutor asked the other potential jurors about their employment histories and job responsibilities. Under those circumstances, we agree with County Court that the prosecutor's explanation for the challenge was race-neutral and was not pretextual (*see, People v Alston,* 222 AD2d 294, 294-295, *affd* 88 NY2d 519; *People v Starks,* 238 AD2d 621, 622, *lv denied* 91 NY2d 836; *People v Wint,* 237 AD2d 195, 197-198, *lv denied* 89 NY2d 1103).

Defendant withdrew his motion to sever his trial from that of codefendant, but asked the court after the trial had begun to redact the confession of codefendant and replace any reference to defendant's name with "another person". While reading the lengthy confession to the jury, the prosecutor inadvertently said defendant's name once instead of "another person". Defendant moved for a mistrial upon the ground that the prosecutor violated his constitutional right to confrontation under *Cruz v New York* (481 US 186). We conclude that any error is harmless beyond a reasonable doubt because "there is no reasonable possibility that the erroneously admitted evidence contributed to the conviction" (*People v Hamlin,* 71 NY2d 750, 756; *see, People v Eastman,* 85 NY2d 265, 276-277).

Contrary to defendant's contention, probable cause existed to issue a search warrant for the upstairs apartment where defendant resided (*see generally, People v Tambe,* 71 NY2d 492, 501-502; *People v Pettigrew,* 255 AD2d 969, 970, *lv denied* 92 NY2d 1037). Finally, considering the nature of the offense, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, Drury, J. —Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Hayes, Hurlbutt, Scudder and Kehoe, JJ.