THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WHYTE, Appellant. [749 NYS2d 90] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered October 25, 2000, convicting him of murder in the second degree, robbery in the first degree, criminal possession of a weapon in the second degree, and tampering with physical evidence, upon a jury verdict, and sentencing him to an indeterminate term of 25 years to life imprisonment on the conviction of murder in the second degree to run concurrently with an indeterminate term of 12½ to 25 years imprisonment on the conviction of robbery in the first degree, and indeterminate terms of 7½ to 15 years imprisonment on the conviction of criminal possession of a weapon in the second degree and 1⅓ to 4 years imprisonment on the conviction of tampering with physical evidence, to run concurrently with each other and consecutively to the terms of imprisonment imposed on the convictions of murder in the second degree and robbery in the first degree.

Ordered that the judgment is modified, on the law, by providing that the indeterminate term of 7½ to 15 years imprisonment imposed on the conviction of criminal possession of a weapon in the second degree shall run concurrently with the terms of imprisonment imposed on the convictions of murder in the second degree and robbery in the first degree; as so modified, the judgment is affirmed.

The defendant's contention that the police failed to scrupulously honor his right to remain silent is unpreserved for appellate review (*see People v Mandrachio,* 55 NY2d 906, *cert denied* 457 US 1122; *People v Blanco,* 253 AD2d 886; *People v Rogers,* 245 AD2d 395). In any event, this contention is without merit (*see People v Gary,* 31 NY2d 68).

Additionally, the defendant was properly identified pursuant to CPL 60.25. Once the witness stated that he had identified the defendant at the constitutionally permissible lineup but could not identify him at trial, testimony establishing that the defendant was the individual identified was properly admitted (*see People v Nival,* 33 NY2d 391, *cert denied* 417 US 903).

The Supreme Court erred in imposing a consecutive sentence for criminal possession of a weapon in the second degree, as the possession of the weapon was a material element of the robbery charge, and the robbery charge was a material element of the felony murder charge (*see People v Williams,* 251 AD2d 266; *People v Nelson,* 171 AD2d 702; *People v Riley-James,* 168 AD2d 740; *People v Adams,* 163 AD2d 881; Penal Law § 70.25 [2]).

As modified, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80).

The defendant's remaining contention is without merit. O'Brien, J.P., Krausman, Townes and Rivera, JJ., concur.