THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID O'BRIEN, Appellant. [908 NYS2d 787]—

Appeal from a judgment of the Cattaraugus County Court (Richard C. Kloch, Sr., A.J.), rendered September 9, 2009. The judgment convicted defendant, upon a jury verdict, of vehicular manslaughter in the second degree, criminally negligent homicide, and misdemeanor driving while intoxicated (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed and the matter is remitted to Cattaraugus County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of vehicular manslaughter in the second degree (Penal Law § 125.12 [1]), criminally negligent homicide (§ 125.10), and two counts of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]). Viewing the evidence in light of the elements of the two counts of driving while intoxicated and the count of vehicular manslaughter in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict with respect to those counts is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Defendant contends for the first time on appeal that County Court erred in precluding him from calling two sitting judges as character witnesses to testify concerning his reputation for "truthfulness" or "honesty," and thus that contention is not properly before us (*see* CPL 470.05 [2]). In any event, defendant's contention is without merit (*see People v Sullivan*, 177 AD2d 673 [1991], *lv denied* 79 NY2d 864 [1992]). Although defendant preserved for our review his further contention that the court erred in precluding him from calling those judges as character witnesses to testify concerning his reputation for "sobriety," we conclude that defendant's contention lacks merit inasmuch as the probative value of such testimony was "substantially outweighed by the danger that it [would] unfairly prejudice the [prosecution] or mislead the jury" (*People v Scarola*, 71 NY2d 769, 777 [1988]).

There is no merit to the further contention of defendant that

he was deprived of a fair trial by the court's participation in the direct examination of a prosecution witness. The record establishes that the questions posed by the court were limited and merely clarifying in nature (*see People v Yut Wai Tom*, 53 NY2d 44, 56-57 [1981]) and, contrary to defendant's contention, the court did not " 'overstep[ ] [its] bounds and assume[ ] the role of a prosecutor' " (*People v Jacobsen*, 140 AD2d 938, 940 [1988]). Defendant failed to preserve for our review his contention that the court erred in asking a witness questions that were raised by a juror (*see People v Clark*, 52 AD3d 860, 863 [2008], *lv denied* 11 NY3d 831, 896 [2008]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that his verbal and written consent to a chemical blood alcohol test was not knowing or voluntary because the police failed to inform him of the existence of the "two-hour rule" set forth in Vehicle and Traffic Law § 1194 (2) (a) (1) and, in any event, that contention is without merit. "The two-hour time limit does not apply where, as here, [the] defendant [has] expressly consented to the blood test" (*People v Hoffman*, 283 AD2d 928, 929 [2001], *lv denied* 96 NY2d 919 [2001]; *see People v Atkins*, 85 NY2d 1007, 1008-1009 [1995]).

Finally, defendant contends that the court erred in admitting in evidence the results of his blood test inasmuch as those results were unreliable. We reject that contention. Even assuming, arguendo, that the court was required to conduct a hearing pursuant to *People v Victory* (166 Misc 2d 549 [1995]) to determine the admissibility of the blood test results taken more than two hours after defendant's arrest, we conclude that the testimony of the People's expert, a forensic scientist, at that hearing established the reliability of the blood test results and the methods that she used to determine defendant's blood alcohol content (BAC) at the time of the accident. Defendant's contention that the expert made erroneous factual assumptions in estimating defendant's BAC at the time of the accident goes to the weight that the expert's testimony should be accorded, not to the admissibility of the blood test results (*see generally People v Parker*, 304 AD2d 146, 159 [2003], *lv denied* 100 NY2d 585 [2003]; *People v Pettigrew*, 255 AD2d 969, 970-971 [1998], *lv denied* 92 NY2d 1037 [1998]). Present—Smith, J.P., Peradotto, Lindley, Sconiers and Pine, JJ.