Memorandum.
While it was error for the People to be allowed to peremptorily challenge a prospective juror after they had already indicated their satisfaction with the jury as thus impaneled and after the defendants had exercised their peremptories to the box (see People v. McQuade, 110 N. Y. 284; People v. Grieco, 266 N. Y. 48; Code Crim. Pro., § 385), defendants’ failure to object to such challenge when it was made must, in the interest of orderly trial procedure, be deemed a waiver of the rights secured to them under section 385 of the Code of Criminal Procedure. Modification of the judgments below against defendants Mancuso and Morganti and remand to the County Court, Monroe County, are, however, required to provide for the imposition of a sentence to run concurrently instead of consecutively. (People v. Birmingham, 16 N Y 2d 984; former Penal Law, § 1938.)