OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The trial court did not err in instructing the jury that, if it found that the People had proved each of the elements of the crime beyond a reasonable doubt, it "must” find defendant guilty. It is well settled that the jury’s function is to apply the legal definition of the crime to the evidence and to convict if it is satisfied that each of the elements of the crime has been established beyond a reasonable doubt (People v Mussenden, 308 NY 558, 562; see, Sparf v United States, 156 US 51; Duffy v People, 26 NY 588, 592-593). While there is nothing to prevent a petit jury from acquitting although finding that the prosecution has proven its case, this so-called "mercy-dispensing power”, as defendant concedes, is not a legally sanctioned function of the jury and should not be encouraged by the court (People v Mussenden, supra, at 562-563; see, People v Boettcher, 69 NY2d 174, 180; People v Sullivan, 68 NY2d 495, 500-501). Contrary to defendant’s assertion, the jury instruction does not amount to a directed verdict because it does not encroach upon the jury’s exclusive fact-finding prerogative by removing from its consideration some element of the crime or of a defense to it (cf., United States v Hayward, 420 F2d 142 [DC Cir 1969]; Brascomb v State, 261 Ark 614, 550 SW2d 450 [1977]).
There is no merit in defendant’s argument that the sentencing court abused its discretion, as a matter of law, or *753 that it failed to exercise discretion in determining that a one-year definite sentence would not be "unduly harsh” (see, Penal Law § 70.02 [2] [c]).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed in a memorandum.