■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID FIELDS, True Name MICHAEL FIELDS, Appellant.—Judgment, Supreme Court, New York County (Stephen Crane, J.), rendered September 3, 1987, which convicted defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and sentenced him, as a predicate felon, to an indeterminate prison term of 12½ years to 25 years, is unanimously affirmed.

During an undercover drug operation, Officers Valentine and Mitchell drove their car slowly past a group of men congregated on 164th Street in Manhattan. Defendant approached the vehicle and offered drugs for sale. Valentine indicated he wanted to buy "crack" and defendant went into a nearby building to get the drugs. When defendant returned to the car, Valentine paid him for the drugs and he dropped three vials of "crack" into the officer's hand. As the officers left the scene, defendant reentered the building. Valentine immediately radioed a description of defendant to the backup team. Officer Galarza could not find defendant and Officers Mitchell and Valentine returned to the scene of the buy. Within 20 minutes of the drug sale, the officers again saw defendant, who had changed some of his clothes. Valentine notified Officer Galarza and defendant was promptly arrested.

While defendant asserts that his guilt was not proven beyond a reasonable doubt, the record demonstrates that the evidence of his guilt was compelling. Although the officers never stated that defendant was missing three fingers on his left hand, the evidence established that defendant had purposely only exposed his right hand during the drug transaction, and the undercover officer so connected to the defendant. That defendant wore some different clothes and did not pos-

sess the buy money or any narcotics on him when he was arrested are of no significance since he reentered the building after the drug transaction and was not apprehended until 20 minutes later.

Defendant asserts that the court impermissibly interfered with the "jury nullification doctrine" when it instructed the jurors that if they found each element of the crime had been established beyond a reasonable doubt, they "must" convict defendant. However, as the Court of Appeals recently held in *People v Goetz* (73 NY2d 751), regarding the very language defendant now objects to, even though the jury may acquit a defendant although finding that the prosecution has proven its case, the court is under no obligation to so instruct the jury.

Defendant also raises several claims concerning the Department of Correction's delay in producing him for court appearances, Officer Galarza's alleged impermissible bolstering of testimony, of Officer Valentine's identification of defendant, the prosecutor's cross-examination and summation concerning a defense witness and certain aspects of the court's instructions to the jury. These claims are all unpreserved as a matter of law (CPL 470.05 [2]) and we therefore decline to consider them. However, if we were to consider them in the interest of justice we would nonetheless find them to be meritless.

We have considered the defendant's other claims and have also found them to be groundless. Concur—Kupferman, J. P., Ross, Ellerin, Wallach and Rubin, JJ.