■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN F. BOYLAN, Appellant.—Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that he is entitled to a new trial because of the manner in which the trial court entertained peremptory challenges to the jury venire. The trial court properly heard the prosecutor's peremptory challenges before entertaining those of defense counsel *(see,* CPL 270.15 [2]; *see generally, People v Williams,* 26 NY2d 62; *People v McQuade,* 110 NY 284). The procedure used by the trial court did not circumscribe the purpose of CPL 270.15 to conserve defendant's number of peremptory challenges. Moreover, defendant's failure to raise an objection to the court's procedure must be deemed a waiver of any error affecting that right *(see, People v Mancuso,* 22 NY2d 679, 680, *cert denied sub nom. Morganti v New York,* 393 US 946).

We also reject defendant's contention that it was error to charge the jurors that they must find defendant guilty if they found certain facts proven beyond a reasonable doubt. Although a jury may acquit even if the prosecution has proven its case beyond a reasonable doubt, that is not a legally sanctioned function of the jury and should not be encouraged by the court *(People v Goetz,* 73 NY2d 751, 752, *cert denied* 489 US 1053; *see also, People v Fields,* 160 AD2d 606, 607, *lv denied* 76 NY2d 788).

We have examined defendant's other contentions and find them to be without merit. (Appeal from Judgment of Oswego County Court, Auser, J.—Felony Driving While Intoxicated.) Present—Callahan, J. P., Green, Lawton, Boehm and Doerr, JJ.