OPINION OF THE COURT
David Friedman, J.
On this motion pursuant to CPL 330.30 the issue presented is whether a court may properly charge a jury that the lawful *788 ness of police conduct in approaching and stopping a defendant is not a question for its determination. I conclude that such a charge is appropriate.
The issue has its genesis in defendant’s arrest and indictment for criminal possession of a weapon in the third degree. Seeking to suppress the weapon recovered, defendant moved for a Mapp! Dunaway hearing, which was conducted. At such hearing the testimony indicated that three police officers patrolling in an unmarked vehicle saw defendant having a heated argument with two other men. One or more of the officers noticed the butt of a gun sticking out of defendant’s rear pants pocket. As two of the officers exited the vehicle and approached defendant, he fled. A chase ensued with defendant throwing the gun to the ground. Seconds later he was apprehended.
At the conclusion of the pretrial suppression hearing, this court held that the seizure of defendant’s person was lawful and that recovery of the gun was proper. Hence, defendant’s suppression motion was denied and the gun was admitted into evidence at his trial.
During the trial, defense counsel focused the jury’s attention on the circumstances of the approach and stop of defendant. In fact, as conceded by defense counsel, a main point of her trial strategy was to elicit testimony designed to show that the officers did not see the gun protruding from defendant’s pocket as claimed. It was evident that defense counsel was in this manner seeking to discredit the People’s case. As an attack on the credibility of the People’s witnesses such an approach was clearly permissible.
It was also evident, however, that defense counsel was inviting the jury, directly or indirectly, to acquit defendant on the ground that the seizure of his person and the recovery of the gun were unlawful. In view of this I charged the jury, over defense counsel’s objection, as follows: "I instruct you that whether the approach and stop of defendant was lawful is not for you to decide. That subject involves a question of law that is not within the province of the jury to determine. Your duty as jurors is to determine whether the People have proven all of the elements of the crime charged beyond a reasonable doubt.”
Subsequent to deliberations, the jury returned a guilty verdict. Defendant thereafter made the instant motion to set aside the verdict pursuant to CPL 330.30 (1).
In seeking such relief defendant, inter alla, argues that the instruction was improper because it suggested to the jury that *789 the court had found the police witnesses to be credible. This, it is argued, "effectively eviscerated the required charge that police witnesses’ testimony is to be evaluated like any other testimony” and had the effect of bolstering the People’s case. In my view defendant’s position lacks merit.
Initially, it should be observed that the legality of a search and seizure is a question of fact and law for the court and not the jury (People v Hamlin, 71 NY2d 750; People v Conklin, 145 AD2d 20, Iv denied 74 NY2d 738; see also, Steele v United States, 267 US 505, 511). The reason Fourth Amendment search and seizure issues are not submitted to a jury is because they involve a complicated and fluid body of law and risk diverting the jury’s attention from the task of determining guilt or innocence (People v Conklin, supra, at 26). Thus a defendant is not entitled to have a jury instructed that it should disregard evidence if it finds that such evidence was the fruit of a Fourth Amendment violation (People v Hamlin, supra; People v Conklin, supra). The instant motion, however, presents the question in the converse, that is whether the People are entitled to have the jury affirmatively instructed that Fourth Amendment issues are beyond its province.
This subject actually appears to fall under the umbrella of jury nullification — namely, a jury’s power to return a verdict of acquittal despite finding that the People have proven all of the elements of a crime beyond a reasonable doubt. This is an issue whose roots date back to at least 17th century England (see, United States v Dougherty, 473 F2d 1113). As framed in the case at bar the question is whether the court should affirmatively discourage jury nullification.
In People v Weinberg (83 NY2d 262, 268) the Court pointed out that to permit defense counsel to encourage a jury to abdicate its primary function would directly contravene the trial court’s authority to instruct the jury that they must follow and purposely apply the law (see also, People v Sullivan, 68 NY2d 495 [describing petit jury’s duty as an obligation to convict a defendant where the People have met their evidentiary burden]). Similarly, in People v Goetz (73 NY2d 751, 752) the Court held that the trial court did not err in instructing the jury that, if it found that the People have proved each of the elements of the crime beyond a reasonable doubt, it "must” find the defendant guilty. The Court noted that, "While there is nothing to prevent a petit jury from acquitting although finding that the prosecution has proven its case, this so-called 'mercy dispensing power’ * * * is not a legally sanctioned func *790 tian of the jury and should not be encouraged by the court.” (Supra, at 752.)
In determining the propriety of the charge in this case, it was undeniably a correct statement of the law. While "the jury has the power to bring in a verdict in the teeth of both law and facts * * * the judge always has the right and duty to tell them what the law is upon this or that state of facts” (Horning v District of Columbia, 254 US 135, 138, criticized on other grounds United States v Gaudin, 515 US —, —, 115 S Ct 2310, 2318). The inescapable conclusion therefore is that the charge given was not only permissible but, in view of defense counsel’s trial strategy, warranted.* The issue that remains is whether the particular phraseology used by this court somehow improperly conveyed to the jury that the court had credited the officers’ testimony.
In fashioning the precise language of the charge, the court consulted with defense counsel and the Assistant District Attorney, modifying the charge from that originally proposed to account for defense objections. The court was cognizant that, at trial, issues of credibility are for the jury. It was because of this that the charge did not indicate that the court had accepted any particular version of the facts. In fact, there was no mention that the court had previously ruled on the search and seizure issue.
Moreover, in addition to the general charge on credibility, the court specifically instructed the jury on police officer testimony stating that it is entitled to no greater or lesser weight than the testimony of any other witness. The jury was further charged as follows: "[I]f you believe that any witness has knowingly and willfully testified falsely about a material fact, you are free to disregard his entire testimony or you may disregard that part you find was untrue and accept that part that you find was true.” This instruction made it clear that if the jury disbelieved the officers regarding the approach and stop of defendant, it was free to reject all of their testimony *791 regarding the incident — including the central fact at issue, namely, whether defendant possessed the weapon.
What in the end is clear is that the phraseology of the charge instructed the jury on the law in neutral and balanced terms. It neither conveyed to the jury the court’s view of the evidence, nor directed the jury to reach any particular factual conclusions. In view of this, defendant’s motion is denied.

 There are other charges given to a jury as a matter of standard practice in order to discourage jury nullification. Thus jurors are almost always told that a doubt of guilt is not a reasonable doubt if it is based merely on sympathy for the defendant or from a mere desire by a juror to avoid a disagreeable duty (1 CJI[NY] 6.20, at 249). Juries are also almost always told that they are not to speculate regarding matters of punishment (1 CJI[NY] 6.30, at 255). Courts will also commonly charge that the court is the sole arbiter of the law governing the case and the jury must accept the law as given — whether the jurors agree with it or not (1 CJI[NY] 5.11, at 223).