■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAURANO LEBRON, Appellant. [653 NYS2d 615] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered April 26, 1995, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The court committed error when, after defense counsel had made his peremptory challenges, it permitted the prosecutor to

rectify an unintentional omission by belatedly exercising a peremptory challenge to a still unsworn, prospective juror (*see,* CPL 270.15 [2]; *People v McQuade,* 110 NY 284; *People v De Conto,* 172 AD2d 684, *affd* 80 NY2d 943; *see also, People v Alston,* 88 NY2d 519). However, by failing to avail himself of the court's explicit invitiation to place his objection on the record, and by failing to request any curative relief at a time when the court could have corrected its error, the defendant waived any objections to this irregularity in the jury selection process (*see, People v Mancuso,* 22 NY2d 679, *cert denied sub nom. Morganti v New York,* 393 US 946; *see also, People v Williams,* 26 NY2d 62; *People v Boylan,* 190 AD2d 1043).

Given the uncontroverted evidence that the defendant sold a quantity of cocaine to an undercover officer, the hearing court correctly determined that the police had probable cause to place him under arrest. Therefore, the property recovered from him upon his arrest, including the prerecorded buy money, was properly admitted into evidence (*see, People v Petralia,* 62 NY2d 47, *cert denied* 469 US 852; *People v Chappell,* 201 AD2d 492).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., Sullivan and Altman, JJ., concur.

Goldstein, J., dissents and votes to reverse the judgment appealed from, on the law, and to order a new trial, with the following memorandum: During jury selection, the trial court allowed the prosecutor to exercise a peremptory challenge against a prospective juror after the defendant was given an opportunity to exercise a peremptory challenge, and found the prospective juror acceptable. At that juncture, the following colloquy occurred:

"[Defense counsel]: After me, is that what we are doing now, he is making the challenges after I say no?

"THE COURT: He is and I will allow it and you can place your objection on the record.

"[The prosecutor]: I am sorry. I had the wrong box checked off on my chart. My mistake.

"THE COURT: I am letting you do it. People peremptory."

CPL 270.15 (2) provides, in pertinent part: "The people must exercise their peremptory challenges first and may not, after the defendant has exercised his peremptory challenges, make such a challenge to any remaining prospective juror who is then in the jury box."

As the People and my colleagues in the majority acknowledge, the court's error was a clear violation of CPL 270.15 (2).

Contrary to my colleagues in the majority, I find that the error was preserved for appellate review. Therefore, I do not reach the question of whether the error is so fundamental as to be reviewable as a question of law, even in the absence of an objection. Although the defense counsel did not, as the majority notes, "avail himself of the court's explicit invitation to place his objection on the record", a formal objection would have been a futile gesture, since the court stated unequivocally that "I will allow it [the peremptory challenge]". In *People v Mezon* (80 NY2d 155, 160-161), the Court of Appeals held: "Once the trial court stated unequivocally that it would permit [the procedure] any further objection * * * would have been futile. The law does not require litigants to make repeated pointless protests after the court has made its position clear."

The law is well settled that an error of this nature mandates reversal (*see, People v Alston*, 88 NY2d 519, 528; *People v Williams*, 26 NY2d 62, 64; *People v McQuade*, 110 NY 284).

I concur with the majority that the defendant's remaining contentions are either unpreserved for appellate review or without merit.