■ The People of the State of New York, Respondent, v Frederico Rios, Appellant. [782 NYS2d 863]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Brennan, J.), rendered December 9, 2002, convicting him of burglary in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record supports the hearing court's determination that the police had probable cause to arrest him. A police officer testified at the hearing that he was standing with a group of officers outside their station house when a woman approached and said that she and her relative were following a person they suspected had burglarized their house that morning and that the person was then only two blocks away. The officers drove the woman in a police vehicle and she pointed to the defendant, who was walking on the street, and declared, "[t]hat's him." An officer then placed the defendant under arrest.

The People satisfied their burden of establishing that the police had probable cause to arrest the defendant, because the informant had a sufficient basis for her statements to the police, and was reliable (see Spinelli v United States, 393 US 410 [1969]; Aguilar v Texas, 378 US 108 [1964]). Generally, the police have probable cause to arrest an individual where an identified citizen provides information that accuses that individual of a particular crime (see Wasilewicz v Village of Monroe Police Dept., 3 AD3d 561 [2004]; People v Phillips, 281 AD2d 495 [2001]; People v Bero, 139 AD2d 581 [1988]). Although the police officer here was unaware of the woman's identity, her information "was received in a direct face-to-face encounter in which [the officers] were able to observe [her] facial expressions and emotional state" (People v Fontaine, 122 AD2d 71, 72 [1986]). The factual findings and credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record (see People v Cameron, 6 AD3d 546 [2004], lv denied 3 NY3d 637 [2004]; People v Simpson, 5 AD3d 613 [2004], lv denied 2 NY3d 806 [2004]). Under these circumstances, the hearing court properly concluded that the police officers had probable cause to believe that the defendant had perpetrated a crime (see People v Arthurs, 24 NY2d 688, 693 [1969]; People v Rogers, 245 AD2d 395 [1997]; People v Pagan, 184 AD2d 738, 738-739 [1992]; People v Crosby, 91 AD2d 20, 28 [1983]). Accordingly, the hearing court properly denied those branches of the defendant's omnibus motion which were to suppress the screwdriver that was discovered incident to his arrest, as well as his subsequent identification in a lineup by the victim of a previous burglary (see People v Pagan, supra). Santucci, J.P., Luciano, Schmidt and Rivera, JJ., concur.