◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NELSON NIEVES, Appellant. [809 NYS2d 586]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Partnow, J.), rendered January 26, 2004, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Mangano, Jr., J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Contrary to the defendant's contention, the evidence pre-

sented at the suppression hearing demonstrated that there was probable cause for his arrest. Information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest (*see People v Rios,* 11 AD3d 641 [2004]; *People v Rogers,* 245 AD2d 395 [1997]; *People v Pagan,* 184 AD2d 738 [1992]). Here, the hearing record reveals that the complainant approached police officers minutes after he had been robbed at gunpoint, and provided the officers with a description of two men who had robbed him. The officers then canvassed the neighborhood with the complainant, who pointed the defendant out on the street, and identified him as one of the robbers. Under these circumstances, the officers had probable cause to believe that the defendant was one of the perpetrators of the robbery (*see People v Rios, supra; People v Rogers, supra; People v Pagan, supra*), and the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered from him at the time of his arrest.

The hearing court also properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. The showup identification procedure, which was conducted in close spatial and temporal proximity to the commission of the crime, served to secure a prompt and reliable identification of the defendant, who fled after the complainant initially pointed him out on the street and was subsequently apprehended inside an apartment building (*see People v Duuvon,* 77 NY2d 541 [1991]; *People v Abdelghany,* 14 AD3d 711 [2005]; *People v Sutton,* 12 AD3d 707 [2004]; *People v Rodgers,* 6 AD3d 464 [2004]). The defendant's contention that the showup identification was unduly suggestive is without merit (*see People v Abdelghany, supra; People v Sutton, supra*).

However, the trial court committed reversible error when, after the defense counsel made his peremptory challenges, it permitted the prosecutor to belatedly exercise a peremptory challenge to a still unsworn prospective juror (*see* CPL 270.15 [2]; *People v Williams,* 26 NY2d 62 [1970]; *People v McQuade,* 110 NY 284 [1888]; *People v Feliciano,* 308 AD2d 459 [2003]; *People v Broderick,* 255 AD2d 389 [1998]; *People v Lebron,* 236 AD2d 423 [1997]). This violated "the one persistently protected and enunciated rule of jury selection—that the People make peremptory challenges first, and that they never be permitted to go back and challenge a juror accepted by the defense" (*People v Alston,* 88 NY2d 519, 529 [1996]).

In light of our determination that a new trial is required, we

need not reach the defendant's contention that a prospective juror should have been disqualified, and his contention, raised in his supplemental pro se brief, that he was denied the effective assistance of counsel. Crane, J.P., Krausman, Rivera and Dillon, JJ., concur.