■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS ORTIZ, Appellant. [817 NYS2d 671]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered March 9, 2004, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly determined that the police had probable cause to arrest him. The factual findings and credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see People v Cameron,* 6 AD3d 546 [2004]; *People v Simpson,* 5 AD3d 613 [2004]). Here, the record reveals that a witness, who saw a Hispanic man wearing a green shirt flee from the scene of the crime, provided the police officers with a description and the location to which the man fled. Immediately thereafter, the officers found the defendant, who fit the description, in the location provided. One of the witnesses identified the defendant as the man he saw flee, and another witness subsequently identified the defendant at a show-up as the man he saw flee right after exiting the restaurant immediately following the decedent. Under the circumstances, the officers had probable cause to believe that the defendant was the perpetrator (*see People v Rios,* 11 AD3d 641, 642 [2004]; *cf. People v Nieves,* 26 AD3d 519 [2006]).

Accordingly, the Supreme Court correctly refused to suppress incriminating statements that the defendant made at the police precinct after his arrest (*see People v Daniels,* 22 AD3d 678, 679 [2005], *lv denied* 6 NY3d 811 [2006]; *People v Rios, supra*).

The defendant's remaining contentions are without merit. Miller, J.P., Adams, Goldstein and Covello, JJ., concur.