■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS JONES, Appellant. [828 NYS2d 227]—Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Braslow, J.), imposed Oct. 17, 2005, on the ground that the sentence is excessive.

Ordered that the sentence is affirmed. No opinion. Schmidt, J.P., Goldstein, Skelos and Covello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRELL LAMBERT, Appellant. [827 NYS2d 667]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mangano, Jr., J.), rendered March 23, 2004, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

As the People correctly concede, the trial court committed reversible error when, after the defense counsel exercised his peremptory challenges, it permitted the prosecutor to exercise a peremptory challenge to an unsworn prospective juror over the defense counsel's objection (*see* CPL 270.15 [2]; *People v Williams,* 26 NY2d 62 [1970]; *People v Nieves,* 26 AD3d 519, 520 [2006]). The prosecutor's belated exercise of a peremptory challenge violated "the one persistently protected and enunciated rule of jury selection—that the People make peremptory challenges first, and that they never be permitted to go back and challenge a juror accepted by the defense" (*People v Alston,* 88 NY2d 519, 529 [1996]). Crane, J.P., Rivera, Goldstein and Carni, JJ., concur.