■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH D. NORMAN, JR., Appellant. [885 NYS2d 836]—

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered February 15, 2006. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and reckless endangerment in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reducing the period of postrelease supervision imposed for criminal possession of a weapon in the third degree to a period of three years and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [former (2)]) and criminal possession of a weapon in the third degree (§ 265.02 [former (4)]). Defendant contends that his arrest was not based upon probable cause and that County Court therefore erred in refusing to suppress physical evidence seized as a result of that arrest. We reject that contention. Where hearsay information forms at least in part the basis for probable cause, the information must satisfy " 'the two-part *Aguilar-Spinelli* test requiring a showing that the informant is reliable and has a basis of knowledge for the information imparted' " (*People v Flowers*, 59 AD3d 1141, 1142 [2009]; *see People v Rios*, 11 AD3d 641, 642 [2004], *lv denied* 4 NY3d 747 [2004]). Here, the statements of the unnamed informant, together with the police offi-

cer's personal observations of defendant, provided the officer with probable cause to arrest defendant. According to the evidence presented at the suppression hearing, the officer observed a green van pursuing two men on a moped, which was being driven at 2:00 A.M. without its headlight on. The officer pursued both the van and the moped and located them on a nearby street, whereupon he heard a gunshot. The moped was driven toward and around the officer without stopping, and the driver of the van then approached the officer and informed him that the men on the moped had fired a gun at him. The officer pursued the moped until it struck a curb. Defendant, the passenger, fell off the moped and fled on foot.

The People established the reliability of the unnamed informant, i.e., the driver of the van, by establishing that his information " 'was received in a direct face-to-face encounter in which [the officer was] able to observe [his] facial expressions and emotional state' " (Rios, 11 AD3d at 642). In addition, the officer's own observations of defendant, including his flight upon being pursued by the officer, further established the reliability of the informant (see generally People v Lee, 258 AD2d 352 [1999], lv denied 93 NY2d 900 [1999]; People v Spearman, 226 AD2d 180 [1996], lv denied 88 NY2d 886 [1996]; People v Sloan, 178 AD2d 624 [1991], lv denied 79 NY2d 953 [1992]). Contrary to the further contention of defendant, the recovery of the gun discarded during his flight was lawful inasmuch as the officer's pursuit and detention of defendant were lawful (see People v Leung, 68 NY2d 734, 736 [1986]; Sloan, 178 AD2d 624 [1991]).

As the People correctly concede, however, the court erred in imposing a five-year period of postrelease supervision for criminal possession of a weapon in the third degree, a class D violent felony offense (see Penal Law § 70.02 [1] [former (c)]; § 70.45 [former (2)]). We therefore modify the judgment by reducing the period of postrelease supervision imposed for that offense to a period of three years, the maximum allowed (see People v Childres, 60 AD3d 1278, 1279 [2009], lv denied 12 NY3d 913 [2009]; People v Brown, 52 AD3d 1237 [2008], lv denied 10 NY3d 956 [2008]). The sentence as modified is not unduly harsh or severe. Present—Hurlbutt, J.P., Martoche, Centra, Green and Gorski, JJ.