■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMON PRICE, Appellant. [942 NYS2d 876]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Honorof, J.), rendered February 8, 2011, convicting him of robbery in the second degree, assault in the second degree, robbery in the third degree, possession of burglar's tools (two counts), petit larceny (two counts), and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

After the defendant exercised his peremptory challenges and indicated his satisfaction with a venire panel, the Supreme Court should not have permitted the prosecutor to belatedly exercise a peremptory challenge to a still unsworn, prospective juror (*see* CPL 270.15 [2]; *People v Mancuso*, 22 NY2d 679 [1968], *cert denied sub nom. Morganti v New York*, 393 US 946 [1968]; *People v Lambert*, 36 AD3d 939 [2007]; *People v Nieves*, 26 AD3d 519, 520 [2006]; *People v Feliciano*, 308 AD2d 459, 459-460 [2003]; *People v Lebron*, 236 AD2d 423, 423-424 [1997]). However, by failing to object to the prosecutor's belated peremptory challenge when made, the defendant waived the rights secured to him under CPL 270.15 (2) (*see People v Mancuso*, 22 NY2d 679 [1968]; *People v Eley*, 35 AD3d 498 [2006]; *People v Lebron*, 236 AD2d at 423-424).

The defendant also contends that the prosecution failed to prove his guilt of the charges of robbery in the second degree and robbery in the third degree by legally sufficient evidence. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of robbery in the second degree and robbery in the third degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to the counts of robbery in the second degree and robbery in the third degree was not

against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *see also* Penal Law § 160.00; *People v Samuel*, 84 AD3d 841 [2011]; *People v Barksdale*, 50 AD3d 400, 401 [2008]; *People v Green*, 277 AD2d 82, 83 [2000]).

The defendant's contentions that the portion of the sentence requiring him to pay restitution was improper in the absence of an evidentiary hearing, and that the amount of restitution imposed was not supported by the record, are without merit. The presentence report provided the trial court with a sufficient evidentiary basis to determine the amount of the victims' out-of-pocket losses, and a hearing was not required under these circumstances (*see* Penal Law § 60.27 [2]; *People v Kim*, 91 NY2d 407, 411 [1998]; *People v Charles*, 309 AD2d 873, 874 [2003]; *People v Stubbs*, 281 AD2d 498, 499 [2001]; *cf. People v Jackson*, 261 AD2d 636 [1999]). Skelos, J.P., Dillon, Eng and Austin, JJ., concur.