Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered January 25, 2010, convicting him of course of sexual conduct against a child in the second degree, endangering the welfare of a child, criminal sexual act in the third degree (two counts), and sexual abuse in the third degree (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant was charged with sexually abusing his two stepdaughters. Specifically, counts one and two of the indictment, which pertained to the child victim E.V, alleged that between July 1, 2008, and November 15, 2008, the defendant committed the crimes of course of sexual conduct against a child in the second degree (count one) and endangering the welfare of a child (count two). Counts three through six of the indictment, which pertained to the child victim A.H., alleged that between May 1, 2006, and July 18, 2006, the defendant committed the crime of criminal sexual act in the third degree (counts three and four), and that between March 1, 2006, and April 30, 2006, the defendant committed the crime of sexual abuse in the third degree (counts five and six). After a jury trial, the defendant was convicted of all charges.
Contrary to the defendant’s contention, the trial court’s denial of that branch of his omnibus motion which was for a “more specific bill of particulars” with respect to the specific dates of the charged crimes in counts three through six did not deprive him of fair notice of the charges. Under the circumstances, including the age of the child victim A.H. at the time of the commission of the crimes, the repetitive and clandestine nature of the crimes, and the continuous and long-term nature of the abuse, the time periods contained in counts three and four and, respectively, counts five and six, were reasonably specific and provided the defendant with adequate notice (see People v Watt, 81 NY2d 772, 774 [1993]; People v Keindl, 68 NY2d 410, 419 [1986]; People v Morris, 61 NY2d 290, 293-296 [1984]; People v Weekes, 71 AD3d 1065 [2010]; People v Case, 29 AD3d 706 [2006]; People v Cosby, 222 AD2d 690 [1995]; People v *868 Hunt, 148 AD2d 836 [1989], affd 78 NY2d 932 [1991], cert denied 502 US 964 [1991]). Furthermore, the denial of that branch of the defendant’s omnibus motion which was for a “more specific bill of particulars,” combined with the trial court’s Molineaux ruling (see People v Molineux, 168 NY 264 [1901]), which permitted the elicitation of testimony from the child victim A.H. regarding uncharged sexual behavior between her and the defendant for the purpose of providing necessary background information, did not render counts three through six duplicitous (cf. People v Keindl, 68 NY2d 410 [1986]; People v Jones, 165 AD2d 103, 108 [1991]), and did not deny the defendant his right to a trial by indictment.
The defendant contends that the trial court erred in allowing the prosecution to peremptorily challenge a prospective juror after the defendant had indicated his satisfaction with a venire panel and after the defendant had exercised his peremptory challenges to the panel (see CPL 270.15 [2]; People v Mancuso, 22 NY2d 679 [1968], cert denied sub nom. Morganti v New York, 393 US 946 [1968]; People v Eley, 35 AD3d 498 [2006]; People v Lebron, 236 AD2d 423 [1997]). By failing to object to the challenge when made, however, the defendant waived the rights secured to him under CPL 270.15 (2) (see People v Mancuso, 22 NY2d 679 [1968]; People v Eley, 35 AD3d 498 [2006]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that his right against self-incrimination was violated by the testimony at trial that the defendant refused to reduce his oral statement to law enforcement officials to writing is unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without merit (see People v Crichton, 260 AD2d 395 [1999]).
Contrary to the defendant’s contention, the sentence imposed did not improperly penalize him for exercising his right to a jury trial (see People v Griffin, 92 AD3d 800, 801-802 [2012]). *869 Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contention does not warrant reversal. Dillon, J.P., Dickerson, Hall and Sgroi, JJ., concur.