This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 170
The People &c.,
           Respondent,
         v.
John Gayden,
           Appellant.

David R. Juergens, for appellant.
Daniel Gross, for respondent.

MEMORANDUM:

The order of the Appellate Division should be affirmed.

On June 11, 2010, police were dispatched to Ellison Street in Rochester, after an anonymous caller informed a 911 operator that two black males were walking back and forth in the

- 1 -

area of Ellison Street and Webster Avenue carrying silver colored guns on their waists. One individual was described as wearing a white t-shirt with red letters. The other was wearing a black t-shirt.

Two uniformed police officers, each driving a marked patrol car, responded to a radio dispatch concerning the 911 call. The first officer to arrive observed two black males walking side-by-side on the Ellison Street sidewalk between Webster and Bay Avenues. One male had a black t-shirt and the other male wore a two-toned blue jacket, over what appeared to the officer to be a light-colored t-shirt. The officer parked his vehicle and approached the men on foot. As soon as they saw the officer, one man fled into a backyard and the other man, defendant, continued to walk southbound on Ellison Street. The officer pursued the fleeing man with his gun drawn and observed the man hide what was later discovered to be a handgun underneath a pile of leaves.

When the second officer arrived at the scene, he observed the fleeing man run into the backyard with the first officer running after him and defendant walking down Ellison Street. No one else was in the area. As the second officer parked and exited his vehicle, defendant yelled an expletive and fled. The officer gave chase and observed a handgun fall from defendant's waist.

County Court denied defendant's motion to suppress the

gun.  The Appellate Division affirmed, finding the second officer had "a founded suspicion that criminal activity was afoot, justifying his initial common-law inquiry of defendant" (126 AD3d 1518 [4th Dept 2015]).  The court explained that defendant's flight upon seeing the second officer exit his vehicle provided the officer with the requisite reasonable suspicion of criminal activity to warrant his pursuit of defendant, and the fact that defendant dropped the gun during the pursuit gave rise to probable cause to arrest (id. at 1519).

The issue of whether the second officer had reasonable suspicion to pursue defendant is a mixed question of law and fact, limiting our review (see People v Moore, 6 NY3d 496, 500-501 [2006]).  Because there is record support for the determination of the lower courts, we affirm (see People v Pine, 99 NY2d 525, 527 [2002]; compare Moore, 6 NY3d 496 [2006]).

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order affirmed, in a memorandum.  Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Decided November 17, 2016