# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**9**
**KA 16-00242**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

JEREMY B. NEWTON, DEFENDANT-APPELLANT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF
COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KELLY CHRISTINE WOLFORD
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Thomas R.
Morse, A.J.), rendered January 20, 2016. The judgment convicted
defendant, upon a jury verdict, of rape in the first degree, criminal
sexual act in the first degree, aggravated sexual abuse in the first
degree, aggravated sexual abuse in the second degree and sexual abuse
in the first degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him
upon a jury verdict of, inter alia, rape in the first degree (Penal
Law § 130.35 [1]) and criminal sexual act in the first degree
(§ 130.50 [1]). Viewing the evidence in light of the elements of the
crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342,
349), we conclude that the verdict is not against the weight of the
evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).
Defendant failed to preserve for our review his contentions that
County Court erred in its handling of jury notes Nos. 2 and 3 (*see
People v Nealon*, 26 NY3d 152, 158). We reject defendant's contention
that the court's handling of the jury notes constituted mode of
proceedings errors and thus preservation is not required (*see
generally People v O'Rama*, 78 NY2d 270, 279). Defendant also failed
to preserve for our review his contention that the court did not
provide a meaningful response to the jury's request in note No. 3 for
a readback of "all the testimony" of the victim (*see People v Morris*,
27 NY3d 1096, 1097). Contrary to defendant's contention, the court's
alleged failure to provide a meaningful response to jury note No. 3
does not constitute a mode of proceedings error for which preservation
is not required (*see People v Mack*, 27 NY3d 534, 540-541, *rearg denied*
28 NY3d 944). We decline to exercise our power to review defendant's
contentions with respect to the jury notes as a matter of discretion

in the interest of justice (*see* CPL 470.15 [6] [a]).  Defendant's claim of ineffective assistance of counsel with respect to jury note No. 3 lacks merit.

Although we agree with defendant that the procedure in CPL 270.15 (2) with respect to the sequence for exercising challenges for cause to prospective jurors was violated during jury selection, we conclude that defendant waived any challenge thereto by failing to object (*see generally People v Boylan*, 190 AD2d 1043, 1043, *lv dismissed* 81 NY2d 882, *lv denied* 81 NY2d 967).

Defendant further contends that the court erred in admitting in evidence the testimony of a sexual assault nurse practitioner who examined the victim because it was based entirely on inadmissible hearsay that constituted improper bolstering of the victim's testimony.  Defendant failed to preserve that contention for our review (*see People v Erle*, 83 AD3d 1442, 1443, *lv denied* 17 NY3d 794), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We reject defendant's contention that he was denied due process because the sentence imposed was based upon the Judge's personal religious beliefs.  The statements of the Judge "do not, [per se], indicate that the Judge's imposition of sentence herein was in any way based upon his personal religious beliefs" (*People v Berrios*, 176 AD2d 547, 549, *lv denied* 79 NY2d 824), and the court properly considered the appropriate factors in sentencing defendant (*see generally People v Farrar*, 52 NY2d 302, 305-306).  Finally, the sentence is not unduly harsh or severe.

Entered:  February 10, 2017                    Frances E. Cafarell
                                               Clerk of the Court