▆▆▆ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY L. THACKER, JR., Appellant. [68 NYS3d 601]—

Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered December 8, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed on count three of the indictment and imposing an indeterminate sentence of imprisonment of 3½ to 7 years on that count, to run concurrently with the sentence imposed on count two, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We reject defendant's contention that County Court erred in refusing to suppress the weapon he discarded while he was being pursued

by the police. As we stated in his codefendant's appeal, "[a]ccording to the evidence at the [joint] suppression hearing, there was a radio dispatch concerning an anonymous tip that two individuals were carrying handguns in a certain location," and a police officer who arrived at the scene less than two minutes after the dispatch observed that defendant and another individual "matched the general description of the suspects and were within a block of the location described in the tip" (*People v Gayden*, 126 AD3d 1518, 1518 [4th Dept 2015], *affd* 28 NY3d 1035 [2016]). "The officer thus had a founded suspicion that criminal activity was afoot, justifying his initial common-law inquiry" of defendant, and defendant's flight "provided the officer with the requisite reasonable suspicion of criminal activity to warrant his pursuit" of defendant (*id.*). Thereafter, the officer observed defendant hide an object in a pile of leaves. After hiding the object, defendant continued to flee and the officer continued to pursue him. After defendant's arrest, the officer returned to the pile of leaves and recovered a gun. In our view, "the recovery of the gun discarded during [defendant's] flight was lawful inasmuch as the officer's pursuit . . . of defendant [was] lawful" (*People v Norman*, 66 AD3d 1473, 1474 [4th Dept 2009], *lv denied* 13 NY3d 940 [2010]; *see Gayden*, 126 AD3d at 1519).

Defendant further contends that the court erred in refusing to suppress statements he made at the police station. As defendant correctly concedes, however, those statements were not used at trial, and we therefore conclude that any error in refusing to suppress the statements is harmless (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

Contrary to defendant's contention, the court properly admitted in evidence a recording of the 911 call under the present sense impression exception to the hearsay rule inasmuch as the People "adduc[ed] evidence sufficiently corroborative of the 'substance and content' of the [call]" (*People v Ruttlen*, 289 AD2d 1061, 1061 [4th Dept 2001], *lv denied* 98 NY2d 713 [2002]).

Finally, as the People correctly concede, defendant's sentence for criminal possession of a weapon in the third degree, i.e., a determinate term of imprisonment of 3½ years with a five-year period of postrelease supervision, is illegal. Defendant should have been sentenced as a second felony offender to an indeterminate sentence of imprisonment with a minimum term between 2 to 4 years and a maximum term between 3½ to 7 years, with no postrelease supervision (*see* Penal Law § 70.06 [2], [3] [d]; [4] [b]). In the interest of judicial economy, we

exercise our inherent authority to correct the illegal sentence (*see People v Daniels,* 125 AD3d 1432, 1433 [4th Dept 2015], *lv denied* 25 NY3d 1071 [2015], *reconsideration denied* 26 NY3d 928 [2015]). We therefore modify the judgment by vacating the sentence imposed on count three of the indictment and imposing an indeterminate sentence of imprisonment of 3½ to 7 years with no postrelease supervision. That sentence will run concurrently with the sentence imposed on count two, a determinate term of imprisonment of seven years with a five-year period of postrelease supervision. Present—Smith, J.P., Carni, DeJoseph, NeMoyer and Curran, JJ.