People v Habeeb (2019 NY Slip Op 08025)





People v Habeeb


2019 NY Slip Op 08025


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


910 KA 18-01888

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JERMAINE HABEEB, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






RIORDAN & SCALIONE, AMHERST (SCOTT F. RIORDAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered June 17, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), arising from a traffic stop during which defendant, a passenger in the vehicle, pulled a .40 caliber handgun from his waistband and threw it across the street. In appeal No. 2, defendant appeals from a judgment convicting him, upon the same jury verdict, of, inter alia, criminal possession of a weapon in the second degree (§ 265.03 [3]), arising from a separate incident in which police officers observed him throwing an object, which was subsequently identified as a 9 millimeter semi-automatic pistol, over a fence.
We reject defendant's contention in appeal No. 1 that Supreme Court erred in refusing to suppress the .40 caliber handgun seized following the stop of the vehicle in which defendant was a passenger. The officers' observation that the vehicle's license plate lamp was unlit, an equipment violation, provided a lawful basis to stop the vehicle (see People v Gibbs, 167 AD3d 1580, 1580 [4th Dept 2018], lv denied 33 NY3d 976 [2019]), and the officers were authorized to detain defendant for the purpose of issuing a traffic summons based on defendant's failure to wear a seatbelt (see People v Simms, 25 AD3d 425, 425 [1st Dept 2006], lv denied 6 NY3d 838 [2006]). Defendant's act of discarding the handgun during the lawful traffic stop was an independent act that involved a calculated risk and was not prompted by any unlawful police conduct (see People v Isidro, 6 AD3d 1234, 1235 [4th Dept 2004], lv denied 3 NY3d 659 [2004]), and defendant thus had no right to object to the seizure of the handgun by the police (see People v Brown, 148 AD3d 1562, 1564 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]).
We reject defendant's further contention in appeal No. 1 that the verdict convicting him of criminal possession of a weapon in the second degree is inconsistent because he was acquitted of criminal possession of a controlled substance in the fifth degree (Penal Law
§ 220.06 [5]) and criminal possession of a controlled substance in the seventh degree (§ 220.03). Defendant's acquittal of the drug possession counts did not necessarily negate an essential element of the weapon possession count (see People v Goodfriend, 64 NY2d 695, 697 [1984]; People v Strauss, 147 AD3d 1426, 1426-1427 [4th Dept 2017], lv denied 29 NY3d 1087 [2017], reconsideration denied 30 NY3d 953 [2017]), and thus the verdict, "when viewed in light of the elements of each crime as charged to the jury," is not inherently inconsistent (People v Tucker, 55 NY2d 1, 4 [1981], rearg denied 55 NY2d 1039 [1982]; see People v Putt, 303 AD2d 992, 992 [4th Dept 2003]). Moreover, viewing the evidence in light of the elements of the crime of [*2]criminal possession of a weapon in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict in appeal No. 1 is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Two police officers testified that they observed defendant remove from his waistband a black semi-automatic handgun and then throw it across the street. The loaded .40 caliber handgun was collected by the police and test-fired by a firearms examiner, who subsequently determined that the handgun was operable, and a DNA expert testified that defendant's DNA profile matched a DNA profile obtained from the handgun. In contrast, the evidence of defendant's possession of a controlled substance was entirely circumstantial, and the jury could have reasonably concluded from the evidence that the officer's discovery of a vial of cocaine on the ground near defendant's person was insufficient to establish that he knowingly and unlawfully possessed the cocaine (see People v Delancy, 81 AD3d 1446, 1446 [4th Dept 2011], lv denied 17 NY3d 794 [2011]).
We reject defendant's contention in appeal No. 2 that the court erred in refusing to suppress the pistol that defendant allegedly discarded while being pursued by the police. An officer approached defendant on the basis of information provided by a person present at the scene of a fight to which several officers were responding, and the People established the reliability of the unnamed citizen informant by establishing that the officer obtained the information from her during a face-to-face encounter (see People v Rios, 11 AD3d 641, 642 [2d Dept 2004], lv denied 4 NY3d 747 [2004]). That information did not constitute an anonymous tip (see People v McCutcheon, 125 AD2d 603, 603-604 [2d Dept 1986], lv denied 70 NY2d 651 [1987]), and the officer was justified in acting on the information provided by the citizen in approaching defendant (see People v Dixon, 289 AD2d 937, 937-938 [4th Dept 2001], lv denied 98 NY2d 637 [2002]). Furthermore, "a defendant's flight in response to an approach by the police . . . may give rise to reasonable suspicion" when accompanied by additional information suggestive of criminal activity (People v Sierra, 83 NY2d 928, 929 [1994]). Here, defendant's actions in retreating from the officer after she addressed him and in jumping over a fence elevated the officer's level of suspicion and provided the predicate necessary to justify the pursuit of defendant (see People v Hillard, 79 AD3d 1757, 1758 [4th Dept 2010], lv denied 17 NY3d 796 [2011]; see generally People v Holmes, 81 NY2d 1056, 1058 [1993]), and defendant's abandonment of the pistol in the course of the pursuit provided probable cause for his arrest (see People v Daniels, 147 AD3d 1392, 1393 [4th Dept 2017], lv denied 29 NY3d 1077 [2017]). The recovery of the disassembled components of the abandoned pistol was lawful inasmuch as the officer's pursuit of defendant was lawful (see People v Gayden, 126 AD3d 1518, 1519 [4th Dept 2015], affd 28 NY3d 1035 [2016]).
Defendant further contends in appeal No. 2 that the evidence is legally insufficient to establish the operability of the pistol and that the verdict is against the weight of the evidence. We reject those contentions. Viewing the evidence in the light most favorable to the People (see People v Conway, 6 NY3d 869, 872 [2006]), we conclude that the evidence is legally sufficient to establish that the pistol was both loaded (see Penal Law §§ 265.00 [15]; 265.03 [3]) and operable (see People v Cruz, 272 AD2d 922, 922 [4th Dept 2000], affd 96 NY2d 857 [2001]; People v Longshore, 86 NY2d 851, 852 [1995]). Although the pistol became disassembled when it struck the ground and the magazine and ammunition scattered upon impact, it is well settled that a weapon rendered temporarily inoperable, by disassembly or otherwise, may constitute an operable firearm (see People v Solomon, 78 AD3d 1426, 1428 [3d Dept 2010], lv denied 16 NY3d 899 [2011]; People v Velez, 278 AD2d 53, 53 [1st Dept 2000], lv denied 96 NY2d 808 [2001]; People v Lugo, 161 AD2d 122, 123 [1st Dept 1990], lv denied 76 NY2d 860 [1990]).
Viewing the evidence in light of the elements of the crime of criminal possession of a weapon in the second degree as charged to the jury (see Danielson, 9 NY3d at 349), we further conclude that the verdict in appeal No. 2 is not against the weight of the evidence with respect to that count (see generally Bleakley, 69 NY2d at 495). In addition to the testimony of the eyewitnesses who either observed defendant throw a black object over the fence or observed the pistol fly over the fence and land near their feet, the People presented evidence that a DNA sample taken from the pistol was consistent with defendant's DNA profile, which supports an inference that defendant had physically possessed the pistol (see People v Ward, 104 AD3d 1323, 1324 [4th Dept 2013], lv denied 21 NY3d 1011 [2013]; People v Robinson, 72 AD3d 1277, 1278 [3d Dept 2010], lv denied 15 NY3d 809 [2010]).
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court