People v Chiantella (2023 NY Slip Op 01097)

People v Chiantella

2023 NY Slip Op 01097

Decided on March 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2021-04454
 (Ind. No. 301/19)

[*1]The People of the State of New York, respondent,
v
Anthony Chiantella, appellant.

Andrew E. MacAskill, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Judith R. Sternberg and Jared A. Chester of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terence P. Murphy, J.), rendered June 4, 2021, convicting him of assault in the first degree, assault in the second degree, vehicular assault in the second degree, operating a motor vehicle while under the influence of alcohol (two counts), and driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
On February 2, 2019, the defendant, while under the influence of alcohol and cocaine, was driving on the Wantagh State Parkway in a vehicle owned by his friend (hereinafter the victim), in which the victim was a passenger. The vehicle entered a curve at a speed exceeding 119 miles per hour, and struck a guardrail. The victim was ejected from the vehicle, and was rendered a quadriplegic. The defendant was arrested and charged with, inter alia, assault in the first degree, on a theory that, under circumstances evincing a depraved indifference to human life, he recklessly engaged in conduct which created a grave risk of death to another person, and thereby caused serious physical injury to another person (Penal Law § 120.10[3]).
During the defendant's trial, the Supreme Court admitted into evidence a series of video recordings made on the defendant's mobile telephone and posted to his account on the Snapchat instant messaging service (hereinafter the Snapchat videos). The Snapchat videos depicted the defendant and the victim in the vehicle just prior to the accident. On these recordings, the defendant and the victim can be seen drinking from a bottle of rum as the defendant drove on the
parkway, intentionally increasing his speed in an effort to drive the vehicle at its maximum velocity. The Snapchat videos repeatedly focused on the speedometer, which at times reflected a speed of 130 miles per hour, while the defendant made statements such as "We don't go anywhere under 100," and "Look at how fast we'll pull up . . . 120 to your front door." At one point, the defendant stated that he was "swerving on" a vehicle which he encountered on the road, and when the victim spilled rum on his clothing, the defendant remarked that he was lucky it was not blood, and that he may get some blood on his clothing later.
At the conclusion of the trial, the jury found the defendant guilty of assault in the first degree and other offenses. The defendant appeals.
The defendant contends that the verdict of guilt on the charge of assault in the first degree was against the weight of the evidence because the People failed to prove that the mens rea [*2]of depraved indifference to human life was not negated by the defendant's intoxication. Contrary to the defendant's contention, the evidence presented at trial, particularly the Snapchat videos described above, proved beyond a reasonable doubt that, despite his intoxicated state, the defendant was aware of the grave risk of death to other persons posed by his conduct, and that he engaged in that conduct with a depraved indifference to human life (see People v Heidgen, 22 NY3d 259, 275, 279). Thus, the verdict of guilt on the charge of assault in the first degree was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349; People v Romero, 7 NY3d 633).
Although the defendant used offensive language in the Snapchat videos, that language was not directed toward any person or persons. Thus, the admission of the Snapchat videos into evidence did not result in any significant prejudice to the defendant, and even if it had, such prejudice clearly would have been outweighed by the probative value of those recordings, which supplied crucial proof of the defendant's mens rea (see People v Hayes, 168 AD3d 489, 490). Accordingly, any challenge by the defendant's attorneys to the admission of the Snapchat videos into evidence based on their prejudicial nature would have had "little or no chance of success," and therefore, contrary to the defendant's contention, his attorneys' failure to raise such a challenge did not deprive him of the effective assistance of counsel (People v Caban, 5 NY3d 143, 152 [internal quotation marks omitted]).
The defendant affirmatively waived his right to enforce the requirements of CPL 270.15(2) relating to the prosecutor's exercise of a peremptory challenge to a prospective juror by indicating that he was "okay" with the prosecutor's belated exercise of the peremptory challenge (cf. People v Mancuso, 22 NY2d 679; People v Smith, 187 AD3d 944, 949).
The defendant's remaining contention is without.
Accordingly, we affirm the judgment of conviction.
IANNACCI, J.P., CHAMBERS, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court