People v Stephens (2025 NY Slip Op 00462)

People v Stephens

2025 NY Slip Op 00462

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2021-03283
 (Ind. No. 1257/18)

[*1]The People of the State of New York, respondent,
v
Lance Stephens, appellant.

Judah Maltz, Kew Gardens, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Daniel Bresnahan and Michael J. Balch of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Patricia A. Harrington, J.), rendered April 7, 2021, convicting him of grand larceny in the third degree (two counts) and attempted grand larceny in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the defendant's purported waiver of the right to appeal was invalid. Although the Supreme Court recited substantial portions of the model colloquy for the waiver of the right to appeal drafted by the Unified Court System's Criminal Jury Instructions and Model Colloquy Committee (see People v Hendricks, 224 AD3d 705), after hearing that explanation, the defendant indicated that he did not understand a certain part of it. In attempting to clarify, the court mischaracterized the nature of the right to appeal such that the defendant's understanding of the appeal waiver is not evident on the face of the record (see People v Jones, 198 AD3d 985, 986; People v Quezada, 122 AD3d 948, 948).
The defendant's contention that his guilty plea was not voluntary because it was induced by a promise that the defendant claims the Supreme Court could not fulfill is unpreserved for appellate review (see CPL 470.05[2]; People v Carter, 304 AD2d 771, 772), and, in any event, without merit. The record demonstrates that, before pleading guilty, the defendant was promised an opportunity to have his expert examine the video surveillance evidence in the case and that the People would consider reducing their sentencing commitment if the expert signed an affidavit concluding that the evidence had been tampered with and an independent investigation by the District Attorney's office confirmed that conclusion. The record further demonstrates that the defendant was given the opportunity to have his expert examine the video surveillance evidence but that no affidavit concluding that the evidence had been tampered with was obtained. Accordingly, the defendant's plea was not induced by an unfulfilled promise (see People v Gordon, 178 AD3d 1071, 1072).
The defendant's additional contention that his plea was not voluntary because he was not properly informed of the restitution component of the sentence prior to pleading guilty is [*2]unpreserved for appellate review, and, in any event, without merit (see People v Niedwieski, 100 AD3d 1023). Moreover, no hearing on the amount of restitution was required since the defendant did not request a hearing and the record contained sufficient evidence to establish the appropriate amount of restitution (see Penal Law § 60.27[2]; People v Price, 95 AD3d 905, 906; see generally People v Chung, 213 AD3d 107, 109).
Inasmuch as the defendant's purported waiver of the right to appeal was invalid, it does not preclude appellate review of his excessive sentence claim (see People Cooper, 179 AD3d 832). However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
IANNACCI, J.P., CHRISTOPHER, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court